IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| KEITH RUSSELL JUDD, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Civ. Action No. 11-512-GMS |
| SECRETARY OF STATE OF DELAWARE and STATE OF DELAWARE, et al., | ) ) ) ) ) |  |
| Defendants. | ) |  |

**MEMORANDUM ORDER**

At Wilmington this 28th day of June, 2011;

IT IS ORDERED that the plaintiff's motion for leave to proceed *in forma pauperis* (D.I. 1) is denied, for the reasons that follow:

The plaintiff, Keith Russell Judd, ("Judd"), an inmate at the Texarkana Federal Correctional Institution, Texarkana, Texas, filed this complaint pursuant to 42 U.S.C. § 1983. (D.I. 2.)

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule" when the

prisoner is in imminent danger of serious physical injury. Also, a prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

According to Court records, while incarcerated, Judd has filed in excess of two hundred civil actions and appeals in district and appellate courts all over the United States. Judd has filed at least three civil actions that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted as follows: *Judd v. United States of America*, C.A. No. 00-2266 (8th Cir. June 23, 2000); *Judd v. Federal Election Comm'n*, Civ. No. 00-737 (E.D. Ca. Nov. 13, 2000); *Judd v. United States of America*, Civ. No. 00-121 (D.N.D. Sept. 21, 2000); *Judd v. United States of America*, Civ. No. 00-465 (E.D. Va. Mar., 2000); *Judd v. United States of America*, Civ. No. 00-328 (S.D. Ala. Sept. 21, 2000); *Judd v. United States of America*, Civ. No. 00-247 (S.D. Miss. Apr. 28, 2000); *Judd v. United States of America*, Civ. No. 00-213 (S.D.W. Va. May 2, 2000); *Judd v. United States of America*, Civ. No. 00-188 (W.D. Va. Mar. 9, 2000); *Judd v. United States of America*, Civ. No. 00-897 (D. Md. Apr. 3, 2000); *Judd v. United States of America*, Civ. No. 00-24 (N.D. Tex. Mar. 21, 2000); *Judd v. United States of America*, Civ. No 00-547 (N.D. Ala. Mar. 17, 2000); *Judd v. United States of America*, Civ. No. 00-40063 (D. Mass. Aug. 18, 2000). In addition, at least three courts, including the United States Supreme Court, have sanctioned Judd or issued preclusion orders against him based on his abusive filings. *See Judd v. United States District Court for the Western District of Texas*, 528 U.S. 5 (1999) (barring prospective filing of pro se petitions for certiorari or extraordinary writs in noncriminal matters, based on prior frivolous filings); *Judd v. Federal Elections Comm'n*, 311 F. App'x 730 (5th Cir.

2009) (not published) (imposing monetary sanction against Judd for filing frivolous appeal); *Judd v. University of New Mexico*, 204 F.3d 1041 (10th Cir. 2000) (enjoining Judd from proceeding *pro se* without prior permission, based on Judd's lengthy and abusive filing history); *Judd v. United States Dist. Court*, C.A. No. 98-51118 (5th Cir. April 26, 1999) (unpublished order restricting Judd's appellate filings).

As a result, Judd may not file another civil action *in forma pauperis* while incarcerated unless he was in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001). His complaint does not meet that standard. Rather, he seeks placement of his name on the State of Delaware's 2012 presidential ballot as a Democratic candidate for the office of the presidency of the United States of America. Hence, Judd is not excused from the restrictions under § 1915(g).

Based upon the foregoing analysis, Judd's motion for leave to proceed *in forma pauperis* is **denied**. (D.I. 1.) Judd is given **thirty** (30) days from the date of this order to pay the $350.00 filing fee. If Judd does not pay the filing fee within that time, the complaint shall be dismissed and the case closed pursuant to 28 U.S.C. § 1915(g).

_____
CHIEF, UNITED STATES DISTRICT JUDGE